IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KIMBLEY PRINCESS SMITH                                                                   PLAINTIFF

vs.                                    Civil No. 2:12-cv-02304

CAROLYN W. COLVIN                                                                        DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Kimbley Princess Smith ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.    **Background:**

Plaintiff filed her disability applications on June 16, 2010. (Tr. 14, 120-131). In her applications, Plaintiff claims to be disabled due to the following: severe back problems, leg disease (swelling), numbness in arms, depression, and migraine headaches. (Tr. 155). Plaintiff alleges an onset date of May 25, 2008. (Tr. 14, 120, 127). These applications were denied initially and again

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __." The transcript pages for this case are referenced by the designation "Tr."

upon reconsideration. (Tr. 58-61). Thereafter, on December 6, 2010, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 79-92).

Plaintiff's administrative hearing was held on May 26, 2011 in Fort Smith, Arkansas. (Tr. 28-57). Plaintiff was present at this hearing and was represented by David Harp. *Id.* Plaintiff and Vocational Expert ("VE") Marty Lumpkin testified at this hearing. *Id.*

On August 30, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 11-23). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2013. (Tr. 16, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 25, 2008, her alleged onset date. (Tr. 16, Finding 2). The ALJ determined Plaintiff had the following severe impairments: obesity, lumbago, and "bipolar disorder vs. cyclothymia." (Tr. 16, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 17-18, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 18-21, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds. She can occasionally balance, kneel, stoop, crouch, and crawl. From a mental standpoint, she can perform work limited to simple, routine, and repetitive tasks, involving only simple, work related decisions with few, if any, work place changes.

*Id.* In this decision, the ALJ found Plaintiff was thirty-four (34) years old on her alleged disability onset date. (Tr. 21, Finding 7). Such an individual is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and and 20 C.F.R. § 416.963(c) (2008) (SSI). As for her level of education, the ALJ determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 21, Finding 8).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 21, Finding 6). The VE testified at the administrative hearing regarding Plaintiff's PRW. *Id.* Based upon that testimony, the ALJ determined Plaintiff did not retain the capacity to perform any of her PRW. *Id.* The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 21-22, Finding 10). The VE also testified regarding this issue. *Id.*

Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following representative occupations:

1. Machine tender and offbearer of compression molding, riveting machine operator, and bindery machine feeder and offbearer with 2,599 such jobs in Arkansas and 248,177 such jobs in the national economy; and

2. Production and assembly worker such as power screw driver operator, bottling line attendant, and conveyor line bakery worker with 11,184 such jobs in Arkansas and 657,969 such jobs in the national economy.

(Tr. 22). Because the ALJ determined Plaintiff retained the capacity to perform this other work, the ALJ also determined Plaintiff had not been under a disability, as defined in the Act, from May 25, 2008 through the date of his decision or through August 30, 2011. (Tr. 22, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 9-10). On October 17, 2012, the Appeals Council declined to review this unfavorable

decision. (Tr. 1-3). On December 6, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on December 12, 2012. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 12, 14. This case is now ready for decision.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.     **Discussion:**

In her appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ did not fully and fairly develop the record in her case; (2) the ALJ erred in evaluating her severe impairments; (3) the ALJ did not base his RFC determination upon sufficient evidence in the record; and (4) the ALJ's Step Five determination is not supported by the record. ECF No. 12 at 1-13. Because the ALJ improperly evaluated Plaintiff's subjective complaints, the Court will only address Plaintiff's third argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ entirely disregarded *Polaski*. (Tr. 18-21). As an initial matter, the ALJ did not specifically reference the *Polaski* factors. *Id.* Although this is the "preferred practice," a specific reference to the *Polaski* factors is not required. *See Schultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007). However, what the ALJ was required to do was to at least give some consideration to Plaintiff's subjective complaints and not entirely discount them because they were not supported by her objective medical records. *See Polaski*, 739 F.2d at 1322 (holding "[t]he adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them").

In this case, the ALJ did what was specifically prohibited by *Polaski* and discounted Plaintiff's subjective complaints based upon the medical evidence alone. (Tr. 17-21). The ALJ accomplished this by basing his RFC determination upon Plaintiff's medical records alone:

> The Administrative Law Judge does not discount all of the claimant's complaints and recognizes that she does experience limitations. However, no physician placed any functional restrictions on her activities that would preclude work activity with the previously mentioned restrictions. *Given the objective medical evidence in the record, the Administrative Law Judge finds that the claimant's residual functional capacity is reasonable, and that she could function within those limitations without experiencing significant exacerbation of her symptoms.* The undersigned has considered and essentially concurs with the opinions of the state agency consultants who provided assessments at the initial and reconsideration levels and notes that they also support a finding of "not disabled." SSR 96-6p.

(Tr. 21) (emphasis added). This was entirely inappropriate and improper under *Polaski*. Accordingly, this case must be reversed and remanded for further consideration of Plaintiff's subjective complaints in accordance with *Polaski*.

**4.** **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[3]  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 6th day of February 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*.  No part of this remand should be interpreted as an instruction that disability benefits be awarded.  Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.